IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BLACK WARRIOR RIVERKEEPER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:11-CV-267-WKW |
| | ) | [WO] |
| ALABAMA DEPARTMENT OF TRANSPORTATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Northern Beltline, if it is ever completed, will be a 52-mile stretch of interstate highway bypassing Birmingham, Alabama by connecting I-459 in Bessemer with I-59 in Trussville.  As one can imagine, construction of a major highway these days destroys more trees to do the paperwork than the construction of the highway itself, and the Northern Beltline is no exception.  At issue here is the final environmental impact statement for the project, which was approved in 1997 and re-evaluated in 2006.  According to Plaintiff Black Warrior Riverkeeper, Inc. ("Riverkeeper"), this lawsuit was filed to address problems with both the 1997 environmental impact statement and the 2006 re-evaluation.

On March 29, 2012, nearly a year after this suit was filed, the second re-evaluation of the environmental impact statement was completed and filed.

Riverkeeper admits that two of its three claims are now moot, but argues that one remains viable.  Further, Riverkeeper argues that the second reevaluation gives rise to new and related claims.  Riverkeeper now seeks to amend its complaint to account for these changes.

Defendants oppose the amendment.  They characterize Riverkeeper's motion as a request to totally abandon the current lawsuit in favor of a new set of claims. Defendants complain that Riverkeeper filed this lawsuit knowing full well that the second re-evaluation was underway, thus requiring them to "expend significant time, money and resources to defend against . . . meaningless claims."  (Doc. # 78, at 5.) State Defendants suggest Riverkeeper's motives were nefarious, and that the decision to "litigate its ill-timed claims" allowed Riverkeeper to use "the lawsuit as a vehicle to obtain media coverage . . . as well as potentially bolster its future pecuniary interests."  (*Id.*)  In short, Defendants accuse Riverkeeper of gamesmanship in filing the original suit, all the while knowing that its claims would be mooted by the impending re-evaluation.

According to Rule 15(a)(2) of the Federal Rules of Civil Procedure and in light of Defendants' opposition, Riverkeeper cannot amend its complaint without leave of the court.  This Rule instructs the court to "freely give leave when justice so requires." Leave to amend should not, however, be granted when there has been undue delay,

bad faith, or dilatory motive; where the amendment would cause undue prejudice to the opposing parties; or where the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Urging the court to deny leave to amend the complaint, Defendants appear to make arguments based only on undue prejudice and Riverkeeper's bad faith. All the prejudice Defendants allege, however, is the result of litigation thus far and would not be exacerbated by amendment of the complaint. There are other ways to ameliorate that prejudice, if it be real, besides dismissal.

As both Defendants point out, denial of the motion to amend would not preclude Riverkeeper from filing a brand new lawsuit asserting the very claims it would pursue in its amended complaint. But this case has been pending before this court for over a year now. Three motions for summary judgment have been filed, along with attendant exhibits, responses and counter-responses, replies and surreplies. The administrative record has been compiled, supplemented, objected to, and argued over. The parties and the court have invested a great deal of time and effort framing the larger issues and setting the background. Riverkeeper wishes to proceed with one old claim and new claims arising out of the same subject matter, and indeed, Defendants invite them to do so – but at some other time and place. If that is the case, then this is the time and place. Common sense dictates judicious use of judicial

resources, if common sense coincides with discretion.  Here it does, and the court will heed Rule 15's mandate that "leave should be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2).

Accordingly, the following orders are entered:

(1)  Plaintiff's Motion for Leave to Amend Complaint (Doc. # 76) is GRANTED.  Plaintiff shall file the Second Amended Complaint within 14 days of entry of this order.  Defendants shall have 28 days after the filing of the Second Amended Complaint to respond.

(2)  All other pending motions (Docs. # 35, 37, 45, 47, 48, 49, 54, 58, 60) are DENIED, without prejudice and with leave to refile any that remain relevant.

(3)  The Uniform Scheduling Order (Doc. # 27) is VACATED.

(4)  The parties are ORDERED to meet and confer within 14 days after the responsive pleadings or motions of Defendants.  The meeting agenda shall address the need to resolve the administrative record and the timing of that resolution; the need, if any, for discovery; the need, if any, for evidentiary hearings on any matter, including the ultimate decision on the merits; the timing of dispositive motions; and such other matters as the parties deem appropriate.

(5)  The parties are ORDERED to submit to the court a report of that meeting within 21 days of the last Defendants' responsive pleading or motion to the Second

Amended Complaint.  The report will propose deadlines for a second modified uniform scheduling order, and identify any areas in which agreement could not be reached.

(6)  With respect to any charge that Plaintiff engaged in gamesmanship in the premature filing of this case, Defendants shall SHOW CAUSE, with a joint brief not to exceed 15 pages, **on or before October 25**, **2012**, why costs should be taxed against Plaintiff.  Plaintiff shall have 14 days to respond with a brief not exceeding 15 pages.

DONE this 27th day of September, 2012.

_____/s/ W. Keith Watkins_____
CHIEF UNITED STATES DISTRICT JUDGE