IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BLACK WARRIOR RIVERKEEPER, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | )    CASE NO. 2:11-CV-267-WKW ) [WO] |
| ALABAMA DEPARTMENT OF TRANSPORTATION, *et al.*, | ) ) ) |
| Defendants. | ) |

# **ORDER**

Defendants are building a highway. In 1997, they studied the effects the project would have on the local environment and released an environmental impact statement. In 2012, Defendants reevaluated that statement, but they have never prepared a supplemental environmental impact statement (an "SEIS"). Plaintiff Black Warrior Riverkeeper, Inc., filed this lawsuit to challenge the 2012 reevaluation and force Defendants to prepare an SEIS.

Because Riverkeeper proceeds under the Administrative Procedure Act, there will be no traditional discovery; the parties agree that the court should base its decision on an administrative record, which Defendants will compile. But the parties disagree over the proper scope of that record. (Docs. # 99, 105, 106.) This order will address those disputes.

## I.  DISCUSSION

The parties present two questions:  (1) Must the administrative record include documents relevant to Plaintiff's failure-to-act claim?  And (2) Must Defendants prepare a privilege log?  Each will be taken in turn.

## I.     The administrative record must include documents relevant to Plaintiff's failure-to-act claim.

With regard to Riverkeeper's challenge to the 2012 reevaluation, the parties are in agreement:  The court should base its decision on "the administrative record that culminated in the publication of the March 2012 Re-evaluation."  (Doc. # 99, at 4.)

But Riverkeeper also claims Defendants failed to comply with their statutory duty to prepare an SEIS.  With respect to that claim, Riverkeeper argues the administrative record should be broader.  Indeed, there is authority to suggest the administrative record on a failure-to-act claim cannot "be limited to the record as it existed at any single point in time, because there is no final agency action to demarcate the limits of the record."  *Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000).  Defendants do not dispute that statement of law; instead, they argue only that this lawsuit never involved a failure-to-act claim in the first place.

But as Riverkeeper points out, the complaint *does* state a failure-to-act claim under 5 U.S.C. § 706(1). Under the heading "Legal Background," the complaint says,

"The APA provides that the reviewing court shall 'compel agency action unlawfully withheld or unreasonably delayed.' 5 U.S.C. § 706(1)." (Doc. # 82 ¶ 34.) The complaint's first claim for relief alleges, "Defendants' failure to create an SEIS for the entire Northern Beltline project violates NEPA . . . . This ongoing failure also constitutes an unlawfully withheld and unreasonably delayed action." (Doc. # 82 ¶ 87.) And in its prayer for relief, Riverkeeper asks for "preliminary and permanent injunctive relief . . . specifically to ensure that Defendants take no further actions toward proceeding with the Northern Beltline until they have prepared an SEIS." (Doc. # 82.)

Defendants do not address those statements, nor do they attempt to explain why those allegations do not amount to a properly pled failure-to-act claim. Instead, they simply ignore them and assert, without elaboration, that Riverkeeper "never specifically pled a claim under APA, 5 U.S.C. § 706(1)." The court disagrees; Riverkeeper's complaint plainly states a failure-to-act claim.

But the question remains: What is the proper scope of the administrative record with respect to that claim? To that question, Defendants offer no answer. Because Defendants refused to acknowledge Riverkeeper's failure-to-act claim, they did not address it at all. (*See* Doc. # 105, at 8 (dismissing Riverkeeper's arguments as "premature").) Instead, Defendants left that question for another day.

Without hearing from Defendants, the court is reluctant to decide just how far the proper scope of the administrative record on the failure-to-act claim extends. But at the very least, Defendants must compile a record that includes whatever documents are relevant to that claim.

## II.  Defendants must prepare a privilege log when they compile the administrative record.

The parties agree that the administrative record should not include documents protected by the deliberative-process privilege. But Defendants insist they have the right to invoke that privilege when no one is looking. Riverkeeper disagrees and proposes a more transparent approach that would require Defendants to prepare a privilege log, thus facilitating an assessment of "the universe of documents being withheld [and] the validity of Defendants' justifications for withholding." (Doc. # 99, at 7.)

When Defendants compile the administrative record, the court trusts they will not inappropriately invoke the deliberative-process privilege. But asking Riverkeeper to share the faith would belie the adversarial nature of American-style litigation. Whenever Defendants invoke privilege to exclude documents from the administrative record, they bear the burden of proving that a privilege actually applies. *See Sierra Club v. Kempthorne*, 488 F. Supp. 2d 1188, 1191 (S.D. Ala. 2007) (recognizing the

burden is on the invoking agency to establish the deliberative-process privilege).  A privilege log is the surest way of holding Defendants to that burden.[1]

To be clear, Defendants are not obligated to include in the record any documents protected by the deliberative-process privilege.  But when Defendants invoke that privilege to exclude documents that would otherwise be included, they will not be unaccountable.  Defendants must produce a log of any documents they exclude from the record on the basis of privilege.

### III.  CONCLUSION

Accordingly, it is ORDERED as follows:

(1) The Administrative Record must include documents relevant to Riverkeeper's failure-to-act claim;

(2) Defendants must produce a privilege log when they compile the administrative record.

---

[1] The use of privilege logs is a common practice in federal district courts, even those deciding claims under the Administrative Procedure Act.  *See, e.g., California Native Plant Society v. E.P.A.*, 251 F.R.D. 408, 414 (N.D. Cal. 2008) (ordering agencies to "supplement their privilege logs with more detailed information as to how the documents fit into the deliberative process"); *New York v. Salazar*, 701 F. Supp. 2d 224, 230 (N.D.N.Y. 2010) (noting that defendants produced an administrative record and "a separate privilege log identifying documents withheld from the record"); *Spiller v. Walker*, No. A-98-CA-255-SS, 2002 WL 1609722, at *3 (W.D. Tex. July 19, 2002) (noting that the plaintiffs had an opportunity to file objections to the defendants' privilege logs).  *But see Nat'l Ass'n of Chain Drug Stores v. Dept. of Health & Human Servs.*, 631 F. Supp. 2d 23, 27 (D.D.C., 2009) ("As they are not part of the administrative record to begin with, defendants' pre-decisional, deliberative documents do not need to be logged as withheld from the administrative record.").

A separate order will follow regarding the schedule for filing and objecting to the administrative record.

DONE this 30th day of May, 2013.

                /s/ W. Keith Watkins
              CHIEF UNITED STATES DISTRICT JUDGE