IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BLACK WARRIOR RIVERKEEPER, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:11-CV-267-WKW [WO] |
| ALABAMA DEPARTMENT OF TRANSPORTATION, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff Black Warrior Riverkeeper, Inc., filed this lawsuit on April 11, 2011, to challenge the construction of a new stretch of interstate highway. The original complaint sought, among other things, judicial review of a 2006 reevaluation of the project's environmental impacts. On March 29, 2012, Defendants completed a new reevaluation that superceded the old one, and the court gave Riverkeeper leave to file an amended complaint reflecting the change. (Doc. # 81.) Defendants opposed the amendment, arguing that Riverkeeper purposely filed a lawsuit full of "meaningless claims" in an effort to "obtain media coverage," all the while wasting "time, money and resources." (Doc. # 78, at 5.)

To penalize Riverkeeper for filing this lawsuit prematurely, Defendants proposed dismissal of the action in its entirety. But the court declined to take that

route, which would have served only to delay matters further and needlessly multiply litigation. (Defendants admitted dismissal would not prevent Riverkeeper from filing a new lawsuit challenging the 2012 reevaluation.) Instead, the court gave Defendants leave to seek sanctions "[w]ith respect to any charge that Plaintiff engaged in gamesmanship in the premature filing of this case." (Doc. # 81.)

Defendants responded with a request for costs pursuant to 28 U.S.C. § 1927, which allows the court to sanction "attorney[s]" who multiply "the proceedings in any case unreasonably and vexatiously."[1] *Id.* As Riverkeeper points out, that statute "was designed to sanction attorneys who willfully abuse the judicial process by conduct tantamount to bad faith . . . . Bad faith is the touchstone." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003). Thus, Defendants are entitled to fees only if Riverkeeper acted in bad faith when it filed this lawsuit.

There is no evidence that Riverkeeper acted in bad faith. Defendants' argument to the contrary rests on a questionable premise: "It is clear that [Riverkeeper] knew that the 2006 Reevaluation was about to be superceded by the new Reevaluation." (Doc. # 87, at 12.) But Defendants submit little evidence in support of that statement.

True, Defendants did write Riverkeeper a letter on March 9, 2011. Although that letter mentioned "[t]he written reevaluation currently under development," it gave

---

[1] The court construes that response as a motion for sanctions (Doc. # 87).

not hint when that reevaluation might be completed. (Doc. # 87-5, at 17.) And though that letter promised a reevaluation, Riverkeeper had cause for skepticism: Defendants had been making similar promises for years, to no effect. (*See, e.g.,* Doc. # 88, at 4–5 (citing evidence that Defendants sent letters in 2006 and 2007 making similar promises).) Essentially, Defendants argue that Riverkeeper should have taken them at their word. But they cite no authority to suggest Riverkeeper acted in bad faith when it took them to court instead.

But even if Riverkeeper did prematurely file this lawsuit, it has acted to avoid unreasonably and vexatiously multiplying the proceedings. On November 29, 2011, Riverkeeper moved for a stay of the proceedings pending the release of the new reevaluation. (Doc. # 37.) Defendants opposed the motion (Docs. # 40, 41) and insisted on continuing to "vigorously defend the 2006 Reevaluation" instead of awaiting its successor (Doc. # 40, at 9). The court did not grant the stay. But if it had, some eight orders, thirty filings, 341 pages of briefing, and countless exhibits, might have been avoided. It is not Riverkeeper's fault Defendants opposed the motion to stay, and the court will not hold Riverkeeper responsible for proceedings it sought to avoid.

Defendants characterize Riverkeeper's challenge to the 2006 reevaluation as a road going nowhere. Be that as it may, Defendants insisted on continuing to travel it.

3

It is therefore ORDERED that Defendants' motion for sanctions (Doc. # 87) is DENIED.

DONE this 30th day of May, 2013.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE